UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In Re:                                        Chapter 13
                                              Case No.: 13-60744-mbm

**Bruce G. Neller and**                    Judge: Marci B. McIvor
**Star A. Neller**

_____ **Debtor(s)** __/

**Bruce G. Neller,**

                               **Plaintiff,**

v.                                                           Adv. Proceeding No.

**National Master Student Loan Trust-I**
**National Collegiate Student Loan Trust-2003-1**
**National Collegiate Student Loan Trust-2004-1**
**National Collegiate Student Loan Trust-2004-2**
**National Collegiate Student Loan Trust-2005-1**
**National Collegiate Student Loan Trust-2005-2**
**National Collegiate Student Loan Trust-2005-3**
**National Collegiate Student Loan Trust-2006-1**
**National Collegiate Student Loan Trust-2006-2**
**National Collegiate Student Loan Trust-2006-3**
**National Collegiate Student Loan Trust-2006-4**
**National Collegiate Student Loan Trust-2007-1**
**National Collegiate Student Loan Trust-2007-2**
**National Collegiate Student Loan Trust-2007-3**
**National Collegiate Student Loan Trust-2007-4**

_____ **Defendants.** _/
**JAMES C. WARR & ASSOCIATES, PLC**
**James C. Warr (P47001)**
**Attorneys for Plaintiff(s)**
**24500 Northwestern Hwy., Suite 205**
**Southfield, MI  48075**
**(248) 357-5860**
**attywarr@sbcglobal.net**
_____/

## COMPLAINT TO DETERMINE DISCHARGEABILITY

### GENERAL ALLEGATIONS

   NOW COMES THE PLAINTIFF, Bruce G. Neller, by and through his attorneys, James C. Warr & Associates, PLC, and for his Complaint state as follows:

1. The Plaintiff is the Debtor in the above-captioned Chapter 13 case pending before the Court.

2. The Defendants are any and all of the fifteen (15) Delaware statutory trusts referred to as the National Collegiate Student Loan Trusts ("NCSLTs" or "the Trusts"), which are the National Collegiate Master Student Loan Trust, NCSLT 2003-1, NCSLT 2004-1, NCSLT 2004-2, NCSLT 2005-1, NCSLT 2005-2, NCSLT 2005-3, NCSLT 2006-1, NCSLT

2006-2, NCSLT 2006-3, NSCLT 2006-4, NCSLT 2007-1 NCSLT 2007-2, NCSLT 2007-3, and NCSLTY 2007-4) and their successors and assigns.

3. The Defendants are entities authorized to do business in the State of Michigan.

4. This is a complaint to determine the dischargeability of debts which the Plaintiff owes to the Defendants.

5. The Plaintiff is suing all Defendants out of an abundance of caution.

6. This Complaint is filed pursuant to F.R.Bankr.P. 7001(6).

7. The Court has jurisdiction over this matter pursuant to 28 U.S.C. 157 and 1334.

8. This Complaint is a core proceeding under 28 U.S.C. 157(b)(2)(I).

9. Venue is proper in this Court pursuant to 28 U.S.C. 1408 and 1409.

10. The debts in question are reflected in Claims 16, 17, 18, 19 and 20, which were filed by or on behalf of the Defendants in the Plaintiff's Chapter 13 case.

11. According to the aforementioned claims, as of the commencement of the Chapter 13 case, the total debt owed by the Plaintiff on these claims was $83,032.88.

12. As of April 5, 2019, $1,788.62 has been paid on these claims through the Plaintiff's Chapter 13 Plan.

## COUNT I-DISCHARGEABILITY OF STUDENT LOANS

13. The Plaintiff reincorporates Paragraphs 1-12 by reference.

14. Bankruptcy Code Section 523(a)(8), 11 U.S.C. 523(a)(8), states in relevant part:

> (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—
> …
> (8) unless excepting such debt from discharge under this paragraph would impose an undue hardship on the debtor and the debtor's dependants, for—
>   (A)(i) an educational benefit overpayment or loan made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution; or
>     (ii) an obligation to repay funds received as an educational benefit, scholarship, or stipend; or
>   (B) any other educational loan that is a qualified education loan, as defined in section 221(d)(1) of the Internal Revenue Code of 1986, incurred by a debtor who is an individual

\*\*\*
11 U.S.C. 523(a)(8).

15. The debts owed to the Defendants may be the types of debts covered by 11 U.S.C. 523(a)(8).

16. The Plaintiff cannot maintain, based upon his current income and expenses, a minimal standard of living for himself and his dependants if forced to repay these loans, to wit:

a. The Plaintiff's only source of income is Social Security, which is currently $2,200.00 per month;
   b. He had spinal surgery in 2012;
   c. He lost the job he had at the commencement of the Chapter 13 case (at Oakwood Infusion Services) in September 2014;
   d. He was able to maintain his Chapter 13 Plan payments through a series of short-term jobs, Social Security and unemployment compensation;
   e. He had been receiving Social Security disability payments due to being disabled. He now receives regular Social Security benefits due to reaching retirement age;
   f. He had neck surgery on September 10, 2018; and
   g. He has been legally separated from his spouse since May 21, 1998, and does not share income with her.

17. The Plaintiff's state of affairs is likely to persist for a significant portion of the repayment period for these loans, to wit:

    a. His physician has indicated that he is unable to work indefinitely (Exhibit A) ; and
    b. The Plaintiff is nearly 69 years old.

18. The Plaintiff has made good faith efforts to repay these loans, having made several payments for at least 1.5 years before the Chapter 13 case was filed, as well as through the Chapter 13 Plan.

19. Based upon the allegations above, excepting these loans from discharge would impose an undue hardship on the Plaintiff and his dependents.

20. These debts should be discharged as imposing an undue hardship on the Plaintiff and his dependents.

## COUNT II-ENFORCEABILITY OF CLAIMS

21. The Plaintiff reincorporates Paragraphs 1-20 by reference.

22. The claims in question may not be enforceable against the Plaintiff because he may not owe them or because the Defendants may not be able to prove they own the claims in question.

23. There is a pending action against the Defendants regarding such issues (Consumer Financial Protection Bureau v. The National Collegiate Master Student Loan Trust, et al, Case No. 17-cv-01323-MN, (D. Delaware September 18, 2017)).

WHERFORE, the Plaintiff prays that this Honorable Court enter a judgment in his favor and against the Defendants, which:

   a. Declares the debts owed to the Defendants discharged;
   b. Declares the claims in question to be void; and
   c. Grants such other relief as is just and equitable.

Respectfully submitted,

 /s/James C. Warr
JAMES C. WARR (P47001)
Attorney for Plaintiff(s)
24500 Northwestern Hwy., Suite 205
Southfield, MI 48075
(248) 357-5860
attywarr@sbcglobal.net

Dated: 4-5-2019



# HENRY FORD HEALTH SYSTEM

March 23, 2019

Patient: **Bruce G Neller**
Date of Birth: **7/14/1950**
Date of Visit: **3/23/2019**

To Whom It May Concern:

It is my medical opinion that Bruce Neller should remain out of work until indefinitely.

If you have any questions or concerns, please don't hesitate to call.

Sincerely,

MARGARET DOWLING, MD

HFMC WOODHAVEN INTERNAL MEDICINE
22505 Allen Rd
Woodhaven MI 48183
Dept: 734-671-6217
Dept Fax: 734-671-2897