# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| In re: | ) | |
| Bruce G. Neller | ) | Chapter 13 |
| Star A. Neller | ) | Case No. 13-60744-mbm |
| | ) | Judge: Marci B. McIvor |
| _____ | ) | |
| Bruce G. Neller | ) | |
| | ) | |
|     PLAINTIFF | ) | |
| | ) | Adversary Proceeding No. |
| v. | ) | 19-04158-mbm |
| | ) | |
| NATIONAL MASTER STUDENT LOAN | ) | |
| TRUST I, et al. | ) | |
| | ) | |
|     DEFENDANTS | ) | |

### DEFENDANTS' ANSWER TO COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. § 523(a)(8)

**NOW COMES DEFENDANTS,** National Master Student Loan Trust I, et al. ("NSLT")[1], who responds to the Adversarial Complaint filed by Debtor-Plaintiff, Bruce G. Neller ("Debtor"), as follows:

1. NSLT admits the allegations in ¶ 1, upon information and belief.

2. NSLT admits the allegations in ¶ 2.

3. NSLT admits the allegations in ¶ 3.

4. NSLT admits that plaintiff seeks to bring this action to determine the dischargeability of debt, but denies that he should be granted such relief.

5. NSLT denies the allegations in ¶ 5.

---

[1] Includes all the National Collegiate Student Loan Trust entities named as defendants herein.

1

6. NSLT admits the allegations in ¶ 6 for jurisdictional purposes only. Except as specifically admitted, NCSLT denies the allegations in ¶ 6 as calling for a legal conclusion.

7. NSLT admits the allegations in ¶ 7 for jurisdictional purposes only. Except as specifically admitted, NCSLT denies the allegations in ¶ 7.

8. NSLT admits the allegations in ¶ 8 for jurisdictional purposes only. Except as specifically admitted, NCSLT denies the allegations in ¶ 8.

9. NSLT admits the allegations in ¶ 9 for venue purposes only. Except as specifically admitted, NCSLT denies the allegations in ¶ 9.

10. The Chapter 13 debts speak for themselves and are the best evidence of their content. To the extent the allegations in ¶ 10 state otherwise, they are denied.

11. The Chapter 13 debts speak for themselves and are the best evidence of their content. To the extent the allegations in ¶ 11 state otherwise, they are denied.

12. NSLT denies the allegations in ¶ 12.

## COUNT I – DISCHARGEABLITY OF STUDENT LOANS

13. NSLT reasserts the foregoing as if fully stated herein.

14. Bankruptcy Code Section 523(a)(8), 11 U.S.C. 523(a)(8) speaks for itself and is the best evidence of its contents. To the extent the allegations in ¶ 14 state otherwise, they are denied.

15. NSLT denies the allegations in ¶ 15 as calling for a legal conclusion.

16. NSLT denies the allegations in ¶ 16 for lack of knowledge or information sufficient to form a belief therein.

17. NSLT denies the allegations in ¶ 17 for lack of knowledge or information sufficient to form a belief therein.

18. NSLT denies the allegations in ¶ 18.

19. NSLT denies the allegations in ¶ 19.

20. NSLT denies the allegations in ¶ 20.

## COUNT II – ENFORCEABILITY OF CLAIMS

21. NSLT reasserts the foregoing as if fully stated herein.

22. NSLT denies the allegations in ¶ 22.

23. NSLT denies the allegations in ¶ 23 as worded.

## PRAYER FOR RELIEF

24. NSLT denies that plaintiff is entitled to the relief sought.

AND NOW, in further Answer to the Complaint, NSLT avers as follows:

### FIRST AFFIRMATIVE DEFENSE

The Adversary Complaint fails to state a claim or cause of action against NSLT upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's student loan debt owned by NSLT is non-dischargeable pursuant to 11 U.S.C. § 523(a)(8)(A)(i) because it was funded by a nonprofit institution.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's student loan debt owned by NSLT is non-dischargeable pursuant to 11 U.S.C. § 523(a)(8)(B) because it qualifies as a "qualified education loan" as defined in section 221(d)(1) of the Internal Revenue Code of 1986.

#### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's student loan debt owned by NSLT is non-dischargeable pursuant to 11 U.S.C. § 523(a)(8)(A)(ii) because it was originated as an educational benefit to Plaintiff.

#### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's student loan debt owned by NSLT was incurred after he made statements and representations affirming that the loan proceeds would be used for qualifying educational expenses only.

#### SIXTH AFFIRMATIVE DEFENSE

Plaintiff is not eligible for student loan discharge because plaintiff cannot set forth the elements required as a matter of law. *Brunner v. New York State Higher Educ.*, 831 F.2d 395, 396 (2d Cir. 1987); *Oyler v. Educ. Credit Mgmt. Corp. (In re Oyler)*, 397 F.3d 382, 385 (6th Cir. 2005).

#### SIXTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate his damages.

WHEREFORE, based on the foregoing, NSLT respectfully requests that that plaintiff's Complaint be dismissed with prejudice, and for all other general and equitable relief.

Respectfully submitted,

/s/ Morgan I. Marcus
Morgan I, Marcus, Esq.
Sessions Fishman Nathan & Israel
141 W. Jackson Blvd., Suite 3550
Chicago, IL 60604-2992
Telephone: (312) 578-0985
Facsimile: (877) 334-0661
Email: mmarcus@sessions.legal

Deborah Lujan, Esq.
Collins Einhorn Farrell P.C.
4000 Town Center, 9th Floor
Southfield, MI 48075
Telephone: (248) 351-5417

Email: Deborah.Lujan@ceflawyers.com
Attorneys for Defendants